**In re the Marriage of Kathryn Hytjan BAKER, petitioner, Appellant,**

v.

**Stephen HYTJAN, Respondent.**

**No. C1–86–358.**

Court of Appeals of Minnesota.

Aug. 12, 1986.

William L. Stockman, Stockman, Sullivan & Sadowski, Coon Rapids, for appellant.

Philip K. Arzt, Minneapolis, for respondent.

Heard, considered and decided by PARKER, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from an order decreasing respondent Stephen Hytjan's child support obligation. We reverse and remand for further findings.

## FACTS

The parties' marriage was dissolved in Ohio in 1979. Appellant was granted custody of the two children, now ages 14 and 10. Respondent was ordered to pay monthly child support of $1,500. Respondent was also required to maintain health and dental insurance for the children.

Both parties moved to Minnesota after the dissolution. Both have remarried. The original decree was modified in 1982, requiring respondent to continue support of $1,000 per month plus pay 20% of his gross income over $47,000. Respondent claims that he was never served with this order and had no knowledge of its contents. Respondent continued to pay $1,000 per month as required by the prior order.

In this action, the court found that respondent earned $61,549 in 1984. Respondent was employed by Travel Corp. from November 1984 to March 1985, where he earned an annual salary of $35,000. In addition, he received $1,000 per month from a prior job. In April 1985, respondent quit working for Travel Corp. and joined his current wife and two other investors in a travel business. Respondent has a draw of $1,000 per month, which he expects to continue for the foreseeable future. Respondent moved for a decrease in his child support obligation based on his decreased income.

The court found that respondent voluntarily left his job with Travel Corp. because they were not using his abilities and because he wanted to go into business with his present wife. The court further found that respondent's decision to quit working

for Travel Corp. was made in good faith and was not for the purpose of avoiding his support obligations. Thus, the court suspended respondent's support obligations until September 1, 1986. In the interim, respondent was required to pay $600 per month.

## ISSUE

Did the trial court abuse its discretion in reducing child support and forgiving arrearages?

## ANALYSIS

A child support obligation may be modified upon a showing of decreased earnings of a party if the changed circumstances make the terms of the original order unreasonable and unfair. Minn.Stat. § 518.64, subd. 2 (Supp.1985). An order decreasing support may be made retroactive only if the failure to pay according to the terms of the prior order was not willful. *Id.*

The supreme court recently reemphasized the necessity of particularized findings in child support cases. *See Moylan v. Moylan,* 384 N.W.2d 859 (Minn.1986); *Erickson v. Erickson,* 385 N.W.2d 301 (Minn. 1986). The court stated:

> We cannot stress enough the importance of having findings of fact that demonstrate the trial court actually did take all relevant factors into consideration.

*Erickson,* 385 N.W.2d at 303. The court should make findings regarding the factors set forth in Minn.Stat. §§ 518.17, subd. 4, and 518.551, subd. 5 (1984). *Moylan,* 384 N.W.2d at 863–64.

The trial court in this case decreased respondent's support obligation without finding that his decreased income made the terms of the prior order unreasonable and unfair. Moreover, there are no findings regarding the needs of the children. The modification cannot be supported absent specific findings demonstrating that the court considered all relevant statutory factors. The trial court erred in decreasing respondent's support obligation

based on his decreased earnings without considering the children's needs, especially in view of evidence of a substantial car payment by respondent and his statement that he expected his decreased salary to continue for the foreseeable future.

Likewise, the trial court forgave respondent's support arrearages without finding respondent's delinquency was not willful. Respondent has provided no explanation for his failure to maintain medical and dental insurance before his job change. On the face of this record, we are unable to determine on what basis the trial court forgave the arrearages.

We do not review the issue raised by respondent because he has not filed a notice of review pursuant to Minn.R.Civ. App.P. 106.

### DECISION

The trial court's findings are insufficient to support the order decreasing support and forgiving arrearages.

Reversed and remanded for further findings.